UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID W. VERHAAGH,

        Plaintiff,

v.                                                Case No. 05-C-0604

JO ANNE B. BARNHART,
Commissioner of Social Security

        Defendant.

**DECISION AND ORDER**

Plaintiff David W. Verhaagh believes that the defendant Commissioner of Social Security has improperly denied him credit for five quarters of taxes withheld during a period of inactive military service. Because he did not receive credit for those quarters, he claims he is four quarters short of the forty quarters needed to qualify for a "dual vested benefit" (Reply at 2) under the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq*. Plaintiff challenges the decision of Administrative Law Judge Robert L. Bartelt, Jr., that defendant properly denied credit.[1] For the following reasons, that decision will be affirmed.

Plaintiff spent most of his career in employment covered under the Railroad Retirement Act. However, plaintiff received credit for thirty-six quarters of Social Security taxes paid from 1957 to 1998. This allegedly left him four quarters short of the forty quarters needed for a dual

---

[1] It appears from the record that plaintiff had not actually applied for disability insurance benefits at the time he filed this case. (Tr. at 19.)

vested benefit.[2] Plaintiff argues that he is entitled to five additional quarters of credit for weekly drill periods and other inactive military service during 1964 and 1965. Plaintiff proffers a statement from the Defense Accounting and Financial Service that shows withholding under the Federal Insurance Contributions Act (FICA), 26 U.S.C. § 3101 *et seq.*, of $11.02 in 1964 and $11.89 in 1965 for this "reserve time." (Tr. at 32.)

Section 214 of the Social Security Act, 42 U.S.C. § 414(a), defines a "fully insured individual" for purposes of receiving Social Security benefits as one who has "40 quarters of coverage." *Id.* A "quarter of coverage" is defined in 42 U.S.C. § 413(a)(2)(A)(i) as "a quarter in which an individual has been paid $50 or more in wages"–wages being defined as "remuneration . . . for employment." 42 U.S.C. § 409(a). Section 210 of the Social Security Act, 42 U.S.C. § 410(l)(1), defines "employment" under the Social Security Act to include:

> (A) service performed after December 1956 by an individual as a member of a uniformed service on active duty, but such term shall not include any service which is performed while on leave without pay, and
>
> (B) service performed after December 1987 by an individual as a member of a uniformed service on inactive duty training.

Pursuant to Section 210, defendant enacted 20 C.F.R. § 404.1019(a), which provides that

> . . . work as a member of a uniformed service of the United States is covered under Social Security (unless creditable under the Railroad Retirement Act), if–
>
> (1) On or after January 1, 1957, the work is service on active duty or active duty for training but not including service performed while on leave without pay; or
>
> (2) On or after January 1, 1988, the work is service on inactive duty training.

---

[2]Neither party explains why plaintiff, even assuming he received credit for the five quarters of inactive military service, would qualify for such a benefit. Accordingly, the courts' review is limited to its determination that plaintiff is not entitled to credit for those quarters. No opinion is expressed hereby concerning whether plaintiff would otherwise qualify for any additional benefit.

Plaintiff first argues that defendant's interpretation of Section 210, as embodied in § 404.1019(a), unreasonably denies him credit for quarters spent on inactive military duty. Plaintiff contends that because Section 210 does not specifically exclude inactive military duty performed before 1988 from the definition of employment, such duty is included in that definition. This court will defer to defendant's interpretation of Section 210, as it is embodied in § 404.1019(a), as long as that regulation is a reasonable interpretation of the statute. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-843 (1984). Defendant's interpretation of Section 210 is eminently reasonable. Plaintiff's interpretation, by contrast, renders clause (B) of the statute surplusage. Accordingly, the court will not overturn § 404.1019(a).

Plaintiff next argues that defendant should be estopped from denying him credit for the five quarters because he relied on the (mis)representation implicit in the government's FICA withholding (i.e., that he was making contributions to Social Security) to his detriment. Under certain circumstances, an agency of the federal government may be equitably estopped from taking a position in litigation that conflicts with a past misrepresentation made to the opposing party. *United States v. Fox Lake State Bank*, 366 F.2d 962, 965 (7th Cir. 1966). However, the court must exercise "great caution," *id.*, in applying the doctrine of estoppel to the government and must take care "to observe the conditions defined by Congress for charging the public treasury." *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947). In addition to making the traditional showing of detrimental reliance upon a misrepresentation, a party arguing that the government is estopped must show "affirmative misconduct on the part of the government." *Kennedy v. United States*, 965 F.2d 412, 417 (7th Cir. 1992). Plaintiff has made no showing that the government's FICA withholding from his 1964 and 1965 paychecks was anything other than

innocent error.[3] While that may entitle him to a refund of the withholding,[4] it does not bind defendant to pay him Social Security benefits.

Petitioner finally argues that Section 210 of the Social Security Act is an ex post facto law that violates Article I, Section 9 of the Constitution. The Supreme Court has consistently held that the Constitution's prohibition on ex post facto laws applies only to criminal statutes. *See, e.g., Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952); *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798). Petitioner's citation to a dissenting opinion in *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425 (1977), does not convince the court to the contrary.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is hereby **AFFIRMED** and this case is **DISMISSED.**

Dated this 27th day of December, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

---

[3]As the government points out, the Department of Defense, not the Social Security Administration, was the agency responsible for plaintiff's paychecks. It is doubtful that the Department of Defense and the defendant Commissioner are in privity for estoppel purposes.

[4]Defendant does not contend that plaintiff is not entitled to a refund of any monies that were improperly withheld.